PEREYÓ, PETITIONER, *v.* LÓPEZ ET AL., RESPONDENTS.

PETITION for a Conditional Writ of *Mandamus.*

No. 149.—Decided July 14, 1915.

MANDAMUS—JURISDICTION.—When a petition to the Supreme Court for a writ of *mandamus* fails to comply with the requirement of rule 69 to the effect that the petition shall state "the reasons which render it indispensable that the writ should issue originally from this court," it will be denied.

LAWYER.—Generally a lawyer is one who represents himself or another in an action or a suit as plaintiff or defendant; but, according to our statutes, he is one who is learned in the law and legally licensed to defend in writing or orally the interests or claims of litigants.

JUDGE.—A judge is one vested with the authority to administer justice to private persons—that is, to apply the law either in civil or criminal cases.   Those are termed judges who are good men appointed to do justice and to see that justice is done.

LAWYER.—The usual office  and duty of an attorney-at-law is the representation of parties litigant in courts of justice.   The practice of law embraces the preparation of pleadings and other papers incident to actions and special pleadings and the management of such actions and proceedings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients and all action taken for them in matters connected with the law.   An attorney is also an officer of the court, and, as such, owes the duty of good faith and honorable dealing to the courts before whom he practises his profession.

ID.—JUDGE—PRACTICE OF LAW—BENCH AND BAR.—The duties of a practicing lawyer are distinct from those of a judge. The bench and the bar have, in fact, many points of contact, but are different fields of action. The incompatibility between the practice of law and the exercise of judicial functions is prescribed by statute in Porto Rico.

REGISTRAR OF PROPERTY—LAWYER—JUDGE.—In accordance with the principles laid down it was held in this case that the words "practicing lawyer," which are employed in the last paragraph of section 1 of the Act of 1904 relating to registrars of property, as amended in 1909, do not include attorneys officiating as municipal judges for the purpose of counting the period during which they discharge such duties as time employed in the practice of law.

The facts are stated in the opinion.

*Messrs. Francisco González* and *Celestino Iriarte, Jr.,* for the petitioner.

The respondents did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On July 12, instant, Luis Pereyó Quiñones, by his attorneys Celestino Iriarte, Jr., and Francisco González, filed in the office of the secretary of this court a petition for a conditional writ of *mandamus* directed to the board of examiners of candidates for the offices of registrars of property commanding it to admit the petitioner to examination or to appear before this court on a day and hour to be set to show cause why he should not be admitted to examination.

The petitioner alleges that on June 29, 1906, he was admitted to practice law by the Supreme Court of Porto Rico and that he actually engaged in the active practice of his profession before the District Court of Humacao until July 6, 1908, when he was appointed municipal judge of the said municipality, and that since that date he has discharged the duties of the said judicial position,. an indispensable prerequisite to which is that the incumbent must be an attorney admitted to practice before the Supreme Court of Porto Rico.

The petitioner further alleges that although he has proved the foregoing facts to the said board of examiners, it has refused to admit him to examination for the reason that, in the opinion of the board, the petitioner has not shown that

he has practiced law for more than five years as required by law.

Before entering upon an examination of the fundamental question involved in this case, we will say that the petition totally fails to comply with the requirement of rule 69 of this court (17 P. R. R., LXXVIII) to the effect that the petition should state "the reasons which render it indispensable that the writ should issue originally from this court." The bar in general should comply strictly with that rule whose object is to preserve as far as possible the distinctive character of this court as an appellate court, a character which enables it to consider and decide with more composure questions which have been weighed and decided by the district courts, and, consequently, with greater security of justice. The said defect in the petition would be sufficient to justify its denial offhand, but as the facts alleged show the urgency of the case, inasmuch as the time within which the petitioner could be admitted to examination is about to expire, we will consider the petition on its merits and dispose of the same in accordance with law.

The last paragraph of section 1 of the Act assigning salaries to the registrars of property and for other purposes, approved March 10, 1904, as amended in 1909 (Acts of 1909, page 214), reads as follows:

"The following qualifications shall be required of all appointees for all registries of property in Porto Rico: To be citizens of Porto Rico over twenty-five years of age, and must be practicing lawyers, with more than five years' practice before the district and Supreme Courts of Porto Rico, and who can read, write and speak Spanish correctly."

Therefore, the question to be considered is the construction to be placed on the words "practicing lawyers."

The petitioner contends that when an attorney fills the position of judge he is a "practicing lawyer." The board of examiners decided the question to the contrary and, in our opinion, according to law.

In his Dictionary on Legislation and Jurisprudence, Volume I, page 60, Escriche says:

"LAWYER. Generally one who represents himself or another in an action or a suit as plaintiff or defendant; but according to our statutes, one who is learned in the law and legally licensed to defend in writing or orally the interests or claims of litigants.

"This word (*abogado*) is derived from the Latin adjective *advocatus,* meaning *called,* because, among the Romans, in matters requiring knowledge of the laws each party called to his aid persons who had made a particular study of law. They were also designated as *protectors* and *defenders,* because they took persons under their protection and assumed charge of the defense of their interests, honor or life. At times when declaiming with all the force of their eloquence in behalf of their clients, they were called *orators.* All these terms are equally applicable with us to those who practice the profession of lawyer and they were also known under our ancient law as *advocates,* because their profession required them to speak for others."

On page 431 of Volume III of the same work, the same author says:

"JUDGE. One clothed with the authority to administer justice to private persons, that is, to apply the law either in civil or criminal cases. According to Law I, Title IV, *Partida* 3, those are termed judges who are good men appointed to do justice and to see that justice is done."

As may be seen, the duties of a practising lawyer are distinct from those of a judge. Excepting some who fill minor positions, judges in Porto Rico are required to be lawyers. But when a lawyer is made a judge and begins to perform the duties of his new office, he leaves the bar in order to enter the judiciary. The bench and the bar really have many points of contact, but it cannot be denied that they are different fields. It is true that in both the law is the subject of constant study and that if the idea of the Legislature was settled that the office of registrar of property should be filled by a person not only with an expert knowledge of the law but with sufficient practice of that profession, it cannot be

conceived why it should refer only to "lawyers practicing before courts" and omit the lawyers who compose the very courts before which they practise; but the law is the law and must be applied by the courts as it is found.

In American law and tradition the terms "practicing lawyer" and "practicing attorney" have the same meaning as the words *"abogado en ejercicio"* have in Spanish law and tradition. We will cite only the following on the subject from Ruling Case Law, which is being edited at present by William M. McKinley and Burdett A. Rich:

"The usual office and duty of an attorney at law is the representation of parties litigant in courts of justice, and it is for this purpose that he is licensed under the authority of the state. According to the generally understood definition of the practice of law in this country, it embraces the preparation of pleadings and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients, and all action taken for them in matters connected with the law. An attorney at law is one who engages in any of these branches of the practice of law. The most important duty of counsel in a chancery cause is the preparation òf the cause for trial, and the argument is said to be among the least important. The execution of trusts, such as accepting appointments as executor or administrator, and acting as such, is not part of the duties peculiarly pertaining to the legal profession, and does not constitute what is ordinarily understood as the practice of, law. The relation of attorney and client is that of master and servant in a limited and dignified sense, and involves the highest personal trust and confidence, and for this reason cannot be delegated without consent. The attorney, by his obligation, is bound to discharge his duties to his client with the strictest fidelity, and he is answerable to the summary jurisdiction of the court for dereliction of duty. An attorney is, however, more than a mere agent or servant of his client. He is also an officer of the court, and as such he owes the duty of good faith and honorable dealing to the courts before whom he practices his profession. His high vocation is to inform the court as to the law and facts of the

case, and to aid it in doing justice and arriving at correct conclusions." 2 R. C. L., 938.

If any doubt could still exist it would entirely disappear on reading the act forbidding the *fiscal* of the Supreme Court, the *fiscals* of the district courts and the municipal judges to practice law, approved March 9, 1905, (Laws of 1905, page 123). Section 1 of the said act, so far as pertinent, reads as follows:

"That the *fiscal* of the Supreme Court, district attorneys and municipal judges are hereby prohibited from engaging in the practice of law; * * *."

Therefore, the same legislature which required "the practice of law" for a specified number of years in order to apply for appointment as registrar prohibited municipal judges from "practicing law." The incompatibility between the two professions is prescribed by law, therefore, and the question involved in this case is decided thereby in an unmistakable manner against the claims of the petitioner.

Consequently his petition should be

*Denied.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.